1
2
3
4

Wolfe Thompson
NSB 6463
6785-4 S. Eastern Ave.
Las Vegas, NV 89119
702-263-3030
Attorney for Plaintiff

# United States District Court
# District of Nevada

| | |
|---|---|
| BEAR OMNIMEDIA LLC,<br><br>                                    Plaintiff,<br>VS.<br><br>MANIA MEDIA LLC dba "BEAR FILMS" and BEARFILMS.com; CM PUBLICATIONS LIMITED also known as CM Publications dba "The magazine ALL BEAR," "ALL BEAR Special Edition," "ALL BEAR EXTRA," the "ALL BEAR Newsletter"; PAYPAL INC. dba paypal.com; DOMAINS BY PROXY LLC, BEAR WORLD MEDIA LTD dba BEARworld.com; STEVEN TILOTTA, dba playBEARMAGAZINE.com; DOES I-X, ROE COMPANIES I-X<br><br>                                    Defendants. | No.<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION, VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT FALSE DESCRIPTION, AND INJURY TO BUSINESS REPUTATION & DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

## JURISDICTION & VENUE

1. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), for relief under the Anti-Dilution Act, 15 U.S.C. § 1125(c), for common law unfair business

COMPLAINT– P<small>AGE</small> 1



practice, and for injury to business reputation, and violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d)(l)(A).

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the defendant because a substantial part of the events or omissions giving rise to the claim occurred in Nevada.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and it is reasonably foreseeable by defendant that a substantial amount of the harm alleged herein would occur in Nevada.

5. The informal Southern District of the District of Nevada is appropriate because of the principal harm Plaintiff occurring in Clark County, Nevada.

## PARTIES

6. Plaintiff is a Washington limited liability company in good standing. Plaintiff's principal place of business is in Las Vegas, Nevada.

7. Upon information and belief, Defendant MANIA MEDIA LLC dba Bear Films and BearFilms.com (Mania Media) is, and at all times mentioned herein was, a corporate entity organized and existing under the laws of the State of Arizona.

8. Upon information and belief, Defendant CM PUBLICATIONS LIMITED also known as CM Publications dba "The magazine ALL BEAR," "ALL BEAR Special Edition," "ALL BEAR EXTRA," the "ALL BEAR Newsletter" is, and at all times mentioned herein was, an entity doing business in the State of New York.



9. Defendant PAYPAL INC. dba PayPal.com is agent for collecting sales of CM PUBLICATIONS LIMITED's Infringing Merchandise and sales of other Infringing Merchandise from other Defendants.

10. Upon information and belief, Defendant DOMAINS BY PROXY LLC is a Delaware corporation doing business in the State of Arizona. Such defendant is an accessory to the Infringing Promotions and Infringing Merchandise alleged against BEAR WORLD MEDIA LTD dba BEARworld.com.

11. STEVEN TILOTTA, dba playBEARMAGAZINE.com is, and at all times mentioned herein was, a resident of the State of Texas.

12. On information and belief, individual defendants are all residents other states except the State of Nevada. On information and belief, all defendants solicit and do business with residents of the State of Nevada.

13. The activities and operations of defendants involve or affect the interstate flow of, and have a substantial effect on, interstate commerce.

14. The true names and capacities, whether individual, corporate, or otherwise, of the Defendants sued as Does 1 through 10 and Roe Companies are unknown to Plaintiff, who, therefore, sues them by such fictitious names. At such time as their true names and capacities have been ascertained, Plaintiff will seek leave of Court to amend this Complaint accordingly. On information and belief, Plaintiff allege that each of Does 1 through 10 was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his/her agency or representative capacity, with the knowledge and consent of the other Defendants, and that each of Does 1 through 10 are liable to Plaintiffs in connection with one or more of the claims sued



COMPLAINT– PAGE 3

upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

### ALLEGATIONS COMMON TO ALL CLAIMS/INFRINGING CONDUCT

15.  Plaintiff is the publisher of BEAR magazine and movies. BEAR is one of the longest-established erotic periodical and movie brands specifically geared toward gay men who are — or who admire — masculine men with body or facial hair, poetically and fancifully referred to as "Bears."

16.  To identify to its customers its innovative blend of periodicals, DVD videos, and other products, on or about March 4, 2004, applied to register trademarks and servicemarks with the United States Patent and Trademark Office (the "PTO"). On June 30, 2006, the PTO approved Plaintiff application and issued a Certificate of Registration under Registration Number 3,106,110, in Int. Class 41, and issued a Certificate of Registration under Registration Number 3,106,111, in Int. Class 16. On September 6, 2011, the PTO approved Plaintiff's application and issued a Certificate of Registration under Registration Number 4,321,656, in Int. Class 9 & 41. True and correct copies of such registration certificates are attached as Exhibits 1, 2 & 3 collectively referred to hereafter as the BEAR Marks.

17. After the effective date of the registration of Plaintiff BEAR Marks, Plaintiff and defendants attended a variety of trade shows and conventions and created online websites and registrations aimed at entertaining promoting the sale of products to Bears (Infringing Promotions).

18. After the effective date of the registration of Plaintiff BEAR Marks, Plaintiff and defendants attended a variety of trade shows and conventions and created online



COMPLAINT- PAGE 4

websites and registrations aimed at entertaining and actually selling products to Bears for profit (Infringing Merchandise).

19. Fully aware that Plaintiff owned the rights to the BEAR Marks, Defendants published Infringing Merchandise for sale bearing the BEAR Marks for the purpose of creating Infringing Promotions and selling Infringing Merchandise.

20. Defendants' actual use of "BEAR" and Plaintiff distinctive typography and graphic elements in its Infringing Promotions and in selling Infringing Merchandise constitutes the use in commerce of a colorable imitation, copy and reproduction of Plaintiff's BEAR Marks.

21. Upon information and belief, Defendants' use of the BEAR Marks will share an identical sight, sound and meaning. Defendants' use of "BEAR" for its DVD video is deceptively and confusingly similar to Plaintiff's long-standing trademarks.

22. Defendants' Infringing Merchandise will be distributed and sold in the same types of retail channels and to the same classes of purchasers as Plaintiff's family of Infringing Merchandise and services. Defendants' Infringing Merchandise are aimed at the identical market to that of Plaintiff's goods.

23. Defendants' use of Plaintiff's BEAR Marks is likely to cause confusion, mistake, or deception in the minds of the public.

24. Defendants' infringement of the BEAR Marks constitutes a willful and malicious violation of Plaintiff trademark rights, aimed at preventing Plaintiff from continuing to build a business around a mark that it has long possessed.



COMPLAINT– PAGE 5

## CLAIMS

### I. First Claim: False Description under 15 U.S.C. § 1125(a)

25. Plaintiff repeats and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of all previous paragraphs.

26. Defendants' use of the BEAR Marks is such a colorable imitation and copy of Plaintiff's trademark established in the market for consumer products and merchandise that Defendants' use thereof is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Plaintiff's products, or to deceive consumers as to the origin, sponsorship or approval of Plaintiff's products.

27. Defendants' use of the term BEAR comprises a false description or representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

### II. Second Claim: Trademark Infringement under Lanham Act § 3231

28. Plaintiff incorporates all the allegations in the preceding paragraphs as if fully set forth herein.

29. Defendants' use of the BEAR Marks comprises an infringement of Plaintiff's registered trademark BEAR and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's goods, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

30. By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.



COMPLAINT– Page 6

### III. THIRD CLAIM: TRADEMARK DILUTION UNDER THE ANTI-DILUTION ACT 15 U.S.C. § 1125(C)

31. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

32. Plaintiff's BEAR Marks are famous trademarks within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).

33. Plaintiff has no control over the quality of Defendants' DVDs, advertising and other promotional materials, its use of the BEAR Marks, and its misappropriation of the BEAR Marks. As a result of such use by Defendants, the distinctive qualities of the BEAR Marks are being and will continue to be diluted.

34. Defendants' operating of a hotel, its use of and dissemination of materials bearing the BEAR Marks, and its misappropriation of the BEAR Marks, is and will continue to result in the dilution of the distinctive nature of the BEAR Marks through blurring, in violation of 15 U.S.C. §1125(c).

35. Defendants' wrongful conduct constitutes an extreme threat to the distinctiveness of the BEAR Marks that Plaintiff has expended great efforts to develop and maintain through its strict control over the usage of the BEAR Marks.

36. The distinctive nature of the BEAR Marks is of enormous value, and Plaintiff is suffering and will continue to suffer irreparable harm and blurring of the BEAR Marks if Defendants' wrongful conduct is allowed to continue.

37. Defendants' use of the BEAR Marks, its use of and dissemination of materials bearing the BEAR Marks, and its misappropriation of the BEAR Marks will likely continue unless enjoined by this Court.



COMPLAINT– PAGE 7

38. Plaintiff is entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

### IV. FOURTH CLAIM: UNFAIR COMPETITION UNDER THE LANHAM ACT § 4334

39. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

40. Defendants' use of the BEAR Marks to promote, market, or sell DVD or other products or services in direct competition with Plaintiff's BEAR-branded products and services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendants' use of the BEAR Marks is likely to cause confusion, mistake, and deception among consumers. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

### V. FIFTH CLAIM: VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

41. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

42. Defendants' acts as pleaded herein are in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d)(l)(A).

43. Defendants have registered and used domain names, which incorporate and are confusingly similar to and dilutive of the BEAR Marks, with a bad faith intent to profit from the Plaintiff's BEAR Marks.



COMPLAINT– PAGE 8

44. Plaintiff has sustained irreparable harm and, unless Defendants are enjoined, Warner Bros. will continue to sustain irreparable harm as a result of Defendants' wrongful conduct in violation of 15 U.S.C. §1125(d)(l)(A).

### VI. SIXTH CLAIM: COMMON LAW UNFAIR COMPETITION

45. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46. Defendants' actions discussed herein constitute unfair competition under Nevada common law.

47. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

48. Plaintiff is also entitled to reasonable attorney's fees as special damages.

### VII. SEVENTH CLAIM: COMMON LAW INJURY TO BUSINESS REPUTATION

49. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

50. Defendants' use of Plaintiff's trademark inures and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Plaintiff and its products and services will believe that Plaintiff is affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of its products and the nature of its business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with its BEAR trademarks.



## PRAYER FOR RELIEF

WHEREFORE, PLAINITFF PRAYS THIS COURT:

1. That defendant Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from:(a) using Plaintiff's trademark depicted in Exhibits 1, 2 & 3, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's trademark BEAR, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendants.

2. That Defendants be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the Injunction;

3. That, pursuant to 15 U.S.C. §1117, Defendants be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. §1117 and §1125(a), Defendants be compelled to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein;

5. That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe Plaintiff's BEAR trademark rights, as well as all plates, matrices, and other means of making the same;



COMPLAINT- PAGE 10

6. That Plaintiff be awarded from each Defendant utilizing the Infringing Promotions and offering the Infringing Merchandise three times such Defendants' profits there from, after an accounting pursuant to 15 U.S.C. §1117 and §1125(a).

7. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

8. That the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law including reasonable attorney's fees and costs; and,

9. For such and other further relief that the court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues where a jury is allowed.

Dated May 22, 2017.

/s/ Wolfe Thompson

WOLFE THOMPSON, NSB 6463
Attorney for Plaintiff

WOLFE THOMPSON PS

COMPLAINT- PAGE 11