|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| BEAR OMNIPEDIA LLC, | ) | Case No. 2:17-cv-01478-MMD-CWH |
| Plaintiff, | ) | |
| v. | ) | |
| MANIA MEDIA LLC, et al. | ) | **ORDER** |
| Defendants. | ) | |
| _____ | ) | |

Presently before the Court is Defendant Mania Media LLC's motion to set aside clerk's entry of default (ECF No. 66), filed on November 20, 2017. Plaintiff filed a response (ECF No. 70) on November 22, 2017 and Defendant filed a repy (ECF No. 73) on November 30, 2017. Also before the Court is Plaintiff's motion to strike (ECF No. 76), filed on December 12, 2017.

### I. Plaintiff's motion to strike

Plaintiff's motion to strike relates to Defendant's affidavit (ECF No. 73), submitted in support of its reply in support of its motion to set aside clerk's entry of default judgment. Plaintiff moves to strike the affidavit because it "is not a sworn affidavit," "fails to meet the requirements of declaration under federal law," and is "based on hearsay." Pl's Mot. at p. 1. Defendant's affidavit appears to be signed and dated by Defendant's counsel.

It is unclear to the Court the basis for this motion, as Plaintiff fails to articulate with any specificity how the document is legally flawed, or base his assertions on any authority. Under Local Rule 7-2(d), the failure of a party to file points and authorities in support of a motion constitutes consent to the denial of the motion. The Court will therefore deny the motion without prejudice.

### II. Defendant's Motion to Set Aside Clerk's Entry of Default

As a preliminary matter, Defendant's motion is styled as both a motion to set aside clerk's entry of default and a motion to quash. However, Defendant makes only a brief mention of the circumstances of service in this case and cites no points and authorities in support of a motion to

quash.  As noted above, under Local Rule 7-2(d), the failure of a party to file points and authorities in support of a motion constitutes consent to the denial of the motion.  Further, Defendant's motion seeks relief under multiple grounds.  Under Local Rule IC 2-2(b), when filing a motion or other document with the Court, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."  Therefore, the Court will deny Defendant's motion to the extent that it is a motion to quash and consider it only as a motion to set aside clerk's default judgment.

Defendant seeks to set aside the Clerk's entry of default (ECF No. 65), entered on November 16, 2017.  Defendant filed this motion four days after the default was entered, on November 20, 2017, arguing that it had not engaged in any culpable conduct leading to the default, that it has meritorious defenses to Plaintiff's claims, and that setting aside the default would not prejudice Plaintiff.  Plaintiff disagrees with each of Defendant's arguments.

The court may set aside the entry of default for "good cause."  Fed. R. Civ. P. 55(c); *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010).  In ruling on a motion to set aside a default, the court considers whether the plaintiff would be prejudiced if the default is set aside, whether the defendant has a meritorious defense, and whether the defendant engaged in culpable conduct that led to the default.  *Id.*  The defendant bears the burden of demonstrating that these factors favor setting aside the default.  *TCI Grp. Life Ins. Plan v. Knoebber ("TCI")*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds, Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).  If the defendant fails to meet its burden with respect to any of these factors, the court may deny the motion to set aside the default.  *Mesle*, 615 F.3d at 1091.

To determine whether the plaintiff would be prejudiced if the default judgment is set aside, "[t]he standard is whether his ability to pursue his claim will be hindered."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  Setting aside a default must do more than simply delay resolution of the case to be considered prejudicial to the plaintiff.  *TCI*, 244 F.3d at 701.  Similarly, requiring a plaintiff to adjudicate a claim on the merits does not constitute prejudice.  *Id.*  Rather, the delay must result in some tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater

opportunity for fraud or collusion." *Id.* (quotation omitted).

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, the defendant seeking to vacate a default must present specific facts that would constitute a defense. *Id.* at 700. There must be some possibility that the suit would have a different outcome at trial than the result achieved by default. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Finally, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI*, 244 F.3d at 697 (emphasis and quotation omitted). However, if the defendant offers a good faith explanation for its neglectful failure to answer, and that explanation negates any intent to take advantage of the plaintiff, interfere with judicial decision making, or otherwise manipulate the legal process, such failure is not "intentional." *Id.* at 697-98. For example, where the defendants received actual notice of the lawsuit, but failed to answer because they did not believe the court had subject matter jurisdiction, the defendants' failure to answer was not culpable. *Id.* at 698. Instead, a defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

This test is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quotation omitted). The court has discretion to determine whether to set aside a default. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). The court's discretion is especially broad when considering a motion to set aside an entry of default, as opposed to a default judgment. *Id.* Generally, cases should be decided on the merits, rather than by default. *See, e.g., Mesle*, 615 F.3d at 1091. The court has the discretion to condition the setting aside of a default under Rule 55(c) on payment of attorney's fees and costs. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).

Here, the Court finds that Defendant has a good faith explanation for the delay in filing a response. Both parties refer to ongoing attempts to settle this case, which appear to have ended only on November 10, 2017 when Plaintiff informed Defendant of its intent to file for a default judgment.

Def.'s Reply, Ex. 1 (ECF No. 73-1). Defendant's counsel Chad Anderson filed a notice of appearance just four days later (ECF No. 59), followed by Plaintiff's motion for entry of Clerk's default on November 15, 2017, and Defendant's motion to set aside the Clerk's default on November 20, 2017. Given the short time between the breakdown of settlement talks, the notice of Plaintiff's intent to seek default and Defendant's appearance and motion to set aside the default, the Court finds no suggestion that Defendant's failure to answer was an attempt to take undue advantage of the legal process. The Court finds Defendant's neglect in filing a timely answer was not in bad faith.

Further, the Court finds that Defendant has alleged facts that, if proven, would constitute a meritorious defense. Namely, Defendant argues that Plaintiff does not own the trademark it claims to own. Finally, given that this litigation is still in its early stages, and that Defendant filed a motion to set aside the Clerk's default less than a week after it was originally sought, and less than two weeks after the parties broke off attempts to settle, the Court finds no suggestion that Plaintiff would be prejudiced by setting aside the default.

IT IS THEREFORE ORDERED that Defendant's motion to set aside Clerk's entry of default (ECF No. 66) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to strike (ECF No. 76) is DENIED without prejudice.

DATED: December 14, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge