UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BEAR OMNIMEDIA LLC, | Case No. 2:17-cv-01478-MMD-CWH |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 97, 100) |
| MANIA MEDIA LLC dba "BEAR FILMS" and BEARFILMS.com; *et al.*, | |
| Defendants. | |

**I. SUMMARY**

This thrice-amended action concerns the right to use the term "BEAR." (*See generally* ECF No. 58.) Before the Court are two motions to dismiss. (ECF Nos. 97, 100). Pursuant to Nevada's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute,[1] Defendant Mania Media LLC dba "BEAR FILMS" and BEARFILMS.com ("Mania") moves this Court to specially dismiss Bear Omnimedia LLC's ("Plaintiff") state law causes of action, as against Mania (the "Anti-SLAPP Motion"). (ECF No. 97.) Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Instagram LLC ("Instagram") moves to dismiss Plaintiff's Third Amended Complaint ("TAC") for failure to state a claim against Instagram ("12(b)(6) Motion"). [2] (ECF No. 100 at 2.)

///

---

[1] NRS § 41.635 *et seq.*

[2] The TAC also listed "Instagram, Inc." as a defendant. (*See* ECF No. 58.) However, that entity no longer exists and, as a result, has not been served the TAC. (*See* ECF No. 78 at 2 n.1; ECF No. 100 at 2 n.1.)

1 | For the reasons set forth below, Mania's Anti-SLAPP Motion (ECF No. 97) is denied, and Instagram's 12(b)(6) Motion (ECF No. 100) is granted.

## II. RELEVANT BACKGROUND

Plaintiff is the publisher of BEAR magazine and movies. Plaintiff alleges it is the owner of three design or logo marks that use the terms "BEAR" or "BUTCH BEAR." (*See* ECF No. 58 at 4-5, 13-19.) However, Plaintiff does not claim any ownership of any word marks for the "BEAR" or "BUTCH BEAR" logos.

Plaintiff's TAC asserts causes of action for trademark infringement, trademark dilution, unfair competition, false description, violation of The Anticybersquatting Consumer Protection Act, common law unfair competition, and common law injury to business reputation. These claims are alleged against various non-Instagram Defendants: Mania; CM Publications Limited; Bear World Media Ltd.; Webid Consulting, Ltd.[3]; and Steven Tilotta ("the non-Instagram Defendants"). The TAC notes the non-Instagram Defendants do business under names that incorporate the term "BEAR," and sell or offer to sell goods and services, "aimed at the identical market to that of Plaintiff's goods." (*Id.* at 6.) The TAC contends that the non-Instagram Defendants' use of "BEAR" is "deceptively and confusingly similar to Plaintiff's long-standing trademarks." (*Id.*)

Instagram offers its users content-sharing services and the term "BEAR" is not part of its incorporation. (ECF 100 at 4.)[4] Plaintiff added Instagram to the TAC as a defendant, and generically alleges the same claims against Instagram as against the non-Instagram Defendants. Additionally, the TAC specifically alleges that Instagram "is an accessory to

///

///

---

[3]Webid Consulting, Ltd. was dismissed from this action, pursuant to a stipulation between it and Plaintiff, after the filing of the instant motions to dismiss. (*See* ECF No. 105.)

[4]The Court takes judicial notice of this fact as a matter of public record. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)) (noting that a court may take judicial notice of "matters of public record"); *see also* Fed. R. Evid. 201.

the Infringing Promotions and Infringing Merchandise alleged against" certain "sites maintained on Instragram.com." (ECF No. 58 at 3.)

**III. MANIA'S ANTI-SLAPP MOTION (ECF NO. 97)**

The Court will deny Mania's Anti-SLAPP Motion because Mania fails to carry its burden to sufficiently establish that Plaintiff asserted the relevant state causes of action against Mania based upon protected communication.

**A. Legal Standard**

The Nevada anti-SLAPP statute ("the Statute") permits defendants to gain early dismissal of civil claims through a special motion to dismiss. NRS § 41.660. A party[5] engaging in communication, as defined by the statute, "is immune[ized] from any civil action for claims based upon the communication." NRS § 41.650. Anti-SLAPP statutes are available to litigants in federal court. *Compare U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999) (noting, as a matter of first impression, California's anti-SLAPP statute may be applied in federal diversity suits as the statute would not result in a direct collision with the Federal Rules, despite commonality of purpose in weeding out unmeritorious claims) *with Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) (stating "a federal court can only entertain anti-SLAPP special motions . . . in connection with state law claims").

Albeit called a "motion to dismiss," federal courts treat anti-SLAPP motions as a species of motion for summary judgment. *See, e.g.*, *Haack v. City of Carson City*, No. 3:11-cv-00353-RAM, 2012 WL 3638767, at *3-5 (D. Nev. Aug, 22, 2012); *Las Vegas Sands Corp. v. First Cagayan Leisure & Resort Corp.*, No. 2:14-CV-424-JCM-NJK, 2016 WL 4134523, at *3 (D. Nev. Aug. 2, 2016).

///

///

---

[5]Nevada's anti-SLAPP statute specifically states "a person." *See* NRS § 41.650. However, the statute has been read to permit a school district to file a special motion to dismiss. *See Davis v. Parks*, No. 61150, 2014 WL 1677659 (Nev. April 23, 2014). Accordingly, the Court finds that a business entity may likewise file a special motion under the statute.

Evaluating a Nevada anti-SLAPP motion is a two-step process. The moving party bears the burden on the first step, and the non-moving party bears the burden on the second. *See John v. Douglas Cty. Sch. Dist.*, 219 P.3d 1276, 1281-82 (Nev. 2009). The Statute provides:

> [T]he court shall: (a) [d]etermine whether the moving party has established, by preponderance of the evidence, that the claim is based upon *a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern*; (b) [i]f the court determines that the moving party has met the burden pursuant to (a), determine whether the plaintiff has *demonstrated with prima facie evidence a probability of prevailing on the claim*

NRS § 41.660 (emphasis added). A moving party may carry its burden by establishing that its communication falls within one of four specific categories of protected speech. *See* NRS § 41.637. Among the four categories, and as relevant here, is "[c]ommunication made in direct connection with an issue of public interest in a place open to the public or in a public forum, which is truthful or is made without knowledge of its falsehood." NRS § 41.637(4).

**B. Discussion**

Here, Mania moves to dismiss Plaintiff's sixth (common law unfair competition) and seventh (common law injury to business reputation) claims under the Statute. (ECF No. 97 at 8; ECF No. 58 at 9-10.) To that end, Mania alleges that Plaintiff premises liability against Mania for Mania's use of the term "BEAR" and thus Plaintiff seeks to silence protected expressive conduct, in Mania's use of "BEAR" for "descriptive purposes." (ECF No. 97 at 1, 18; ECF No. 102 at 2.) The Court disagrees with Mania's contention.

The Court finds Plaintiff's lawsuit is not based on what Mania is communicating by using the term "BEAR," or any descriptive value in the term's use, but on Mania's use of the word, in and of itself. Specifically, Plaintiff contends that Mania's use of the term unfairly competes with Plaintiff and causes injury to Plaintiff's business reputation. (ECF No. 58 at 8.) Mania's ANTI-Slapp Motion lends support to the Court's finding. (*See* ECF No. 97 at 8 ("Plaintiff has simply decided to sue every entity it can find using the term "Bear" in any capacity.").) Accordingly, because Plaintiff's lawsuit is not based on any

4

1  protected communication by Mania, Mania cannot avail itself of the Nevada anti-SLAPP
2  statute's immunity.

**IV.    INSTAGRAM'S 12(B)(6) MOTION (ECF NO. 100)**

The Court will dismiss the TAC in its entirety, as against Instagram, because the only claim that may be deemed as having been properly asserted against Instagram lacks merit.

### A.    Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]— that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When

the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**B.     Discussion**

Instagram argues that while the TAC added Instagram as a defendant in this action, Plaintiff fails to assert any specific factual allegations, or allege any valid causes of action, against Instagram. (ECF No. 100; *see also* ECF No. 58.) Instagram highlights that the numerous claims Plaintiff alleges against all Defendants "all have use of Plaintiff's mark as a requisite element, along with a likelihood of confusion." (ECF No. 100 at 7.) But, Instagram notes, the TAC is devoid of any allegation that "Instagram itself used Plaintiff's marks . . . let alone in a manner that is likely to confuse consumers." (ECF No. 100 at 7-8.)

Plaintiff's response reluctantly acknowledges the TAC's failure to adequately plead Plaintiff's claims against Instagram and sets out new facts tending to support alleged "derivative" or contributory trademark infringement claims. (*See* ECF No. 103.) The "derivative" claim and contributory infringement claim appears to be the same. Accordingly, the Court considers Plaintiff as having extended a single claim of contributory infringement. Plaintiff's response additionally requests the Court permit it to again amend the TAC to assert the claim against Instagram. (*Id.* at 6-7.)

The Court would ordinarily oblige Plaintiff's request to amend given Rule 15(a)(2)'s mandate that amendment should be liberally given, *see, e.g.*, *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). However, the Court finds that amendment would be futile because Plaintiff lacks the predicate basis to sustain an underlying direct infringement claim. Plaintiff would necessarily have to show direct infringement in order to establish a contributory infringement claim against Instagram.

While Plaintiff alleges infringement claims premised on the use of the term "BEAR," Plaintiff has only asserted ownership of design or logo marks (*see* ECF No. 58 at 4-5, 13-19). Therefore, Plaintiff's underlying direct infringement claims fail, as a matter of law, because the owner of a logo mark is not entitled to preclude others from using the words imbedded in the logo, separate and apart from the stylized elements of the logo. *See, e.g.*, *Rise Basketball Skill Dev. LLC v. K Mart Corp.*, No. 16-cv-04895-WHO, 2017 WL 4865561, at *3 (N.D. Cal. Oct. 27, 2017) ("The ownership of a word mark entitles the owner exclusive rights in the word for the class of goods specified on the trademark. In contrast, ownership of a design [or logo] mark limits the owner's rights exclusively to the specific design trademarked.") (internal citations omitted); *Gruner + Jahr USA Pub. v. Meredith Corp.*, 991 F.2d 1072, 1077 (2d Cir. 1993) ("[T]he trademark registration of the title PARENTS in its distinctive typeface did not confer an exclusive right to plaintiff on variations of the word 'parent,' such term being more generic than descriptive.")

Because Plaintiff's underlying direct infringement claims lack legal merit, the Court finds Instagram is entitled to dismissal of the contributory infringement claim, which is the only claim specifically asserted against it. Accordingly, the TAC is dismissed in its entirety, as against Instagram.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Mania's Anti-SLAPP Motion (ECF No. 97) is denied.

It is further ordered that Instagram's 12(b)(6) Motion (ECF No. 100) is granted.

DATED THIS 22nd day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE