UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BEAR OMNIMEDIA LLC,<br><br>Plaintiff,<br>v.<br><br>MANIA MEDIA LLC dba "BEAR FILMS" and BEARFILMS.com; *et al.*,<br><br>Defendants. | Case No. 2:17-cv-01478-MMD-CWH<br><br>ORDER |

## I.     SUMMARY

This trademark case focuses on the use of, and rights to, the term "Bear" as used in niche parlance in the gay community. In the operative complaint before the Court (Third Amended Complaint ("TAC")) Plaintiff Bear Omnimedia LLC asserts claims of trademark infringement, trademark dilution, unfair competition, false description, violation of The Anticybersquatting Consumer Protection Act ("ACPA"), common law unfair competition, and common law injury to business reputation. Defendant Mania Media LLC dba "BEAR FILMS" and BEARFILMS.com ("Mania") moves to dismiss the TAC under Federal Rule of Civil Procedure 12(b)(6) ("Motion"). (ECF No. 116.) Having considered Plaintiff's response (ECF No. 117) and Mania's reply (ECF No. 118),[1] the Court will grant Mania's Motion in part and deny it in part.

///

///

---

[1] In their respective motions, both Plaintiff and Mania provide summary-judgment-type arguments that the Court declines to consider at this stage.

1  **II.    RELEVANT BACKGROUND**

The relevant facts are taken from the TAC (ECF No. 58), unless otherwise noted.

Plaintiff is the publisher of BEAR magazine and movies. Plaintiff claims that "BEAR" is *one of* the longest-established erotic periodical and movie brands specifically geared toward gay men. Plaintiff alleges it is the owner of three marks that use the terms "BEAR"—stylized or "BUTCH BEAR" conjointly. Plaintiff contends that Defendants have engaged in violative use of these marks. Particularly, Mania is alleged to have violated Plaintiff's marks with the creation and use of the website or domain BearFilms.com

The United States Patent and Trademark Office recognizes Plaintiff's marks respectively as follows[2]: (1) "**MARK:** BEAR (stylized and/or with design . . . The mark consists of An oval shape with the word "Bear" inside the design. The mark may be any color or size";[3] (2) "**Word Mark** BUTCH BEAR . . . Color is not claimed as a feature of the mark. The mark consists of the wording 'BUTCH BEAR' inside a design of a square. The word 'BUTCH' appears stacked above the word 'BEAR.'"[4]

**III.   LEGAL STANDARD**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations

///

---

[2] The Court takes judicial notice of this information as matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)); *see also* Fed. R. Evid. 201.

[3] (ECF No. 97-9 at 5, 7; ECF No. 97-10 at 5.)

[4] (ECF No. 97-11.)

must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

While a court generally cannot consider matters beyond the pleadings on a motion to dismiss, the court may consider documents "'properly submitted as part of the complaint'" and "may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quotations omitted).

**IV. DISCUSSION**

Mania's Motion is generally premised on the argument that Plaintiff fails to plead plausible claims. The Court disagrees regarding all but Plaintiff's trademark dilution and

///

3

common law injury to business reputation claims, which the Court provides Plaintiff leave to amend.

### A. Trademark Infringement

To state a claim for trademark infringement, a plaintiff must allege that (1) it has a trademark right; (2) that was used by defendant; (3) in a way that is likely to cause consumer confusion and thus infringe upon the trademark right. *Levi Strauss Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F.3d 629, 633 (9th Cir. 2007).

Mania seeks dismissal of Plaintiff's infringement claim based on the general insufficient pleading argument and a specific contention that Plaintiff cannot establish a claim merely based on the use of the word "Bear" by Mania and other Defendants. At first glance, the Court was inclined to grant Mania's Motion on the latter basis. However, the Court ultimately declines to do so and will allow the claim to proceed.

To be clear, Plaintiff alleges it is the owner of three marks that use or incorporate the term "BEAR" (*See* ECF No. 58 at 4–5, 13–19.) Plaintiff's trademark registration specifically notes the BEAR mark as not being of "standard characters." (ECF No. 97-9 at 2; ECF No. 97-10 at 2.) "BUTCH BEAR" is also noted as "Mark Drawing Code (5) words, letters, and/or numbers in *stylized* formed." (ECF No. 97-11 at 2 (emphasis added).) Plaintiff does not particularly own any *word* marks for the word "bear" standing alone or absent design. *See Pom Wonderful FFL v. Hubbard*, 775 F.3d 1118, 1125 (9th Cir. 2014) (indicating that marks like Plaintiffs are not standard character marks "that make no claim to any particular font style, color, or size of display," and therefore Plaintiff's marks do not cover "all design variations of the word[(s) used]").

The Court assumes without deciding that Plaintiff's marks are specific design or logo marks. Nonetheless, Plaintiff asserts no discrete claim for violative use of its trademarked design or logo. (ECF No. 58.) Plaintiff's entire TAC is essentially premised

on impermissible or infringing use of the word mark "Bear," along with a likelihood of confusion. (*Id.*) Accordingly, this Court initially thought it would be most judicious to dismiss Plaintiff's TAC for failure to state a protectable interest in the word "Bear" or ownership of a "Bear" word mark. *See, e.g.*, *Rise Basketball Skill Dev. LLC v. K Mart Corp.*, No.16-cv-04895-WHO, 2017 WL 4865561, at *3 (N.D. Cal. Oct. 27, 2017) (citing *Pom Wonderful FFL*, 775 F.3d at 1125) ("The ownership of a word mark entitles the owner exclusive rights in the word for the class of goods specified in the trademark. In contrast, ownership of a design [or logo] mark limits the owner's rights exclusively to the specific design trademarked.").[5]

But, the Ninth Circuit has also ruled that where words "are the most salient feature of [a] mark[,]" the mark's holder may also be entitled to protection of the words. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 603–04 (9th Cir. 2005). Because the words BEAR and BUTCH BEAR are the most salient features of Plaintiff's marks, the Court declines to dismiss this claim, and others, for the single reason that Plaintiff is not the owner of a discrete "Bear" word mark.

The Court otherwise finds Plaintiff has sufficiently pleaded a claim of trademark infringement. Plaintiff alleges it is the owner of the protectable BEAR and BUTCH BEAR marks, that Mania has used Plaintiff's "BEAR Marks" or a mark confusingly similar to Plaintiff's marks, thereby infringing upon Plaintiff's trademark rights. (ECF No. 58.) Plaintiff contends that confusion is likely because Mania provides goods and/or services in the same type of retail channels and to the same class of purchasers—"gay men who are – or who admire – masculine men with body or facial hair, poetically and fancifully referred

///

---

[5]*See also Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1153 (9th Cir. 2002) (concluding "Although EMI has the exclusive right to use the trademark 'ENTREPRENEUR' to identify the products described in its regulation, trademark law does not allow EMI to appropriate the *word* 'entrepreneur' for its exclusive use. The descriptive nature and common necessary uses of the word 'entrepreneur' require that courts exercise caution in extending the scope of protection to which the mark is entitled"); *Gruner + Jahr USA Pub. v. Meredith Corp.*, 991 F.2d 1072, 1077 (2d Cir. 1993) ("[T]he trademark registration of the title PARENTS in its distinctive typeface did not confer an exclusive right to plaintiff on variations of the word 'parent,' such term being more generic than descriptive.").

to as 'bears'." (*Id.* at 4.) Accepting Plaintiff's allegations as true, the Court must allow this claim to proceed.

**B.      Unfair Competition**

A claim of unfair competition under section 43(a) of the Latham Act essentially requires the same elements as the trademark infringement claim—that a defendant is using a mark confusingly similar to a plaintiff's valid, protectable trademark. *See Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 & n.6 (9th Cir. 1999). Accordingly, as with the infringement claim *supra*, the Court declines to dismiss this claim at this stage.

**C.      Trademark Dilution**

The Federal Trademark Dilution Act ("FTDA") allows for injunctive relief by "the owner of a famous mark that is distinctive . . ." against others "who, at any time after the owner's mark has become famous, commences use of a mark . . . in commerce that is likely to cause dilution . . . of the famous mark . . .." 15 U.S.C. § 1125(c)(1).

Plaintiff seeks permanent injunction based on alleged trademark dilution by Mania. (ECF No. 58 at 7–8.) Mania argues both that Plaintiff's dilution claim is generally insufficiently pleaded and specifically that the claim fails to allege acts demonstrating the marks are famous within the meaning of the relevant statutes. (ECF No. 116 at 6–8; ECF No. 118 at 2–3.) The Court agrees this claim is insufficiently pleaded.

In the TAC, Plaintiff generally asserts that its "BEAR" marks are famous "within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c)." (ECF No. 58 at 7.) But, the bigger issue is that Plaintiff asserts only that the Defendants, including Mania, created infringing websites, etc., after Plaintiff registered its marks. Plaintiff thus asserts nothing to support the operative element—that dilution occurred *after the mark became famous*. The Court will dismiss this claim.

**D.      False Description**

A defendant may be liable under section 1125(a) where it "(1) use[s] in commerce (2) any word, false designation of origin, false or misleading description, or representation

of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007) (citing 15 U.S.C. § 1125(a)).

Plaintiff has sufficiently pleaded this claim. Incorporating all of Plaintiff's averments, Plaintiff alleges that Defendants' use of the term "BEAR" on websites, etc., providing erotic film services to gay men, comprises a false description or representation of Plaintiff's business and merchandise, and such use is likely to create confusion about Plaintiff's business and merchandise. The Court will allow this claim to proceed.

### E. Violation of the ACPA

The ACPA provides:

> A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person (1) has a bad faith intent to profit from that mark . . .; and (ii) registers, traffics in, or uses a domain name [that is confusingly similar to another's mark or dilutes another's famous mark].

*Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 680 (9th Cir. 2005) (quoting 15 U.S.C. § 1125(d)(1)(A) (2004)). Plaintiff has sufficiently pleaded this claim by alleging that Defendants, including Mania, have a bad faith intent to profit from its "BEAR Marks," by using domain names, pertinently BearFilms.com, in a way that is confusingly similar to Plaintiff's use of its marks, as previously noted.

### F. Common Law Unfair Competition

In Nevada, a common law unfair competition claim is the state equivalent of the federal Latham Act claim. *See A.L.M.N., Inc. v. Rosoff*, 757 P.2d 1319, 1321 (Nev. 1988) (citation omitted) ("Common law tradename infringement falls within a broader category of prohibited unfair competition. '[Two questions are at the heart of this claim:] Has a protectable right been created? Has it been infringed?'."). Accordingly, like its federal counterpart, this claim will also move forward.

///

///

///

7

### G. Common Law Injury to Business Reputation

Plaintiff asserts what it characterizes as a claim for "common law injury to business reputation." (ECF No. 58 at 9.) Neither Plaintiff nor Mania present any authority indicating that injury to business reputation is an independent common law cause of action in Nevada. (*See* ECF Nos. 58, 116, 117, 118.) To the extent an independent cause of action for the claim exists, this Court concludes that Plaintiff fails to plausibly plead it. The Court finds guidance in *Kische USA, LLC v. Simsek*, No. C16-0168JLR, 2016 WL 6273261, *7 (D. W.D. Wash. June 29, 2016).

In *Kische*, the plaintiff alleged:

> Defendants' wrongful *use of* KISCHE's trademarks causes injures [sic] to and creates a likelihood of injury to KISCHE's business reputation because persons encountering KISCHE and its brands and services will believe that KISCHE is affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of its [sic] products and the nature of its business will injure the business reputation of KISCHE and the goodwill that it enjoys in connection with its marks.

*Id.* The court concluded that even if such a claim existed in Washington common law it was insufficiently pleaded because "[i]njury to a business's reputation or goodwill generally constitutes special damages and, as such must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(g)." *Id.*

Here, in substance, Plaintiff's pleading mirrors the *Kische* plaintiff's insufficient pleading[6]:

> Defendants' use of Plaintiff's trademark inures and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Plaintiff and its products and services will believe that Plaintiff is affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of its products and the nature of its business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with its BEAR trademark.

(ECF No. 58 at 9–19.) Accordingly, as the *Kische* court did, this Court will dismiss this claim as implausibly pleaded.

///

---

[6] Although the TAC "incorporates the allegations in the preceding paragraph as if fully set forth herein[,]" the Court cannot decipher what more particularized allegations would go to this claim as against Mania.

8

### H. Leave to Amend

Plaintiff has requested that that the Court provide it another opportunity to amend its complaint should the Court conclude its claims against Mania needs additional specificity. (ECF No. 117 at 13.) The Court would ordinarily decline to grant such a request considering the prior amendments. However, the policy favoring amendment must be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Having considered the relevant factors, the Court provides Plaintiff another chance to amend its complaint because amendment is appropriate and would not be clearly futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (providing factors for denying an amendment). Plaintiff has leave to amend only the trademark dilution and common law injury to business reputation claims.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Mania's motion to dismiss (ECF No. 116) is granted in part and denied in part. It is denied as to all but Plaintiff's trademark dilution and common law injury to business reputation claims. These two claims are dismissed with leave to amend.

It is further ordered that Plaintiff has fifteen days from the date of this order to amend the complaint to address the noted deficiencies, and the complaint must be entitled anew "Fourth Amended Complaint." Failure to address the TAC's deficiencies within the prescribed time will result in prejudicial dismissal of Plaintiff's trademark dilution and common law injury to business reputation claims.

///

///

DATED THIS 17th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE